UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONE HUNDRED NORWALK, LLC,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    3:07-cv-0012 (WWE) |
| TRILEGIANT CORP.,<br>    Defendant. | :<br>:<br>: |

**RULING ON NATIONAL CITY'S MOTION FOR
<u>RECONSIDERATION AND MOTION FOR CLARIFICATION</u>**

Defendant Trilegiant Corp. has filed a motion asking the Court to reconsider its order denying Trilegiant's motion for partial summary judgment in part entered on December 22, 2008 (Doc. #62).

**FACTS**

The underlying facts and the identities of the parties are set forth in the Court's December 22 order. On January 7, 2009, defendant filed the instant motion for reconsideration arguing that the Court overlooked relevant precedent in ruling that defendant was not entitled to terminate its lease with plaintiff One Hundred Norwalk LLC because of alleged breaches of the lease. For the reasons that follow, the Court will grant plaintiff's motion for reconsideration and, upon review, adhere to its previous decision.

**DISCUSSION**

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. P. 7(c)(1). Such a motion should be granted only where the Court has

overlooked facts or precedents which might have "materially influenced" the earlier decision.  Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991).  The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided."  Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

In its previous ruling, the Court found that there are material issues of fact concerning whether the premises at issue are untenantable.  The Court relied on the "constructive eviction" doctrine.  Under this doctrine, a landlord's breach of a lease covenant does not excuse the tenant's obligation to pay rent unless the tenant can show that the premises are untenantable.  In that case, the tenant must show that there has been a constructive eviction by moving out.  A tenant cannot remain in the premises and show a constructive eviction.  See Heritage Square, LLC v. Eoanou, 61 Conn. App. 329, 332 (2001).

Defendant now asserts that the Court should have granted summary judgment based on the holding of the Connecticut Supreme Court in State v. Lex Assocs., 248 Conn. 612 (1999), in which the court stated that a landlord's material breach of a lease foreclosed the tenant's obligation to continue paying rent under the lease.  In Lex Assocs., the Connecticut Supreme Court thus recognized that the "material breach" doctrine applies to commercial leases.  This recognition, however, has not trumped the constructive eviction doctrine, as Connecticut courts have continued to rely on it following Lex Assocs.  See, e.g., Heritage Square, 61 Conn. App. at 332; Sponzo v. Astro Aircom, LLC, 2008 Conn. Super. LEXIS 718 (Mar. 14, 2008).  Although no court has cited Lex Assocs. in terminating a lease for one party's material breach of it, the

clear language of that decision would support defendant's argument. Both doctrines, however, would often lead to the same result insofar as constructive eviction requires the abandoning of the property, and finding a material breach as a matter of law would likely require the same. Therefore, these two doctrines may present a distinction without a difference at the summary judgment stage.

A material breach is one that affects the fundamental purpose of the contract. AmBase Corp. v. SDG Inc., 2005 U.S. Dist. LEXIS 16164, *49-50 (D. Conn. Aug. 3, 2005). It is a question of fact for the factfinder. In light of the tenant's continued occupation of the premises, there is a disputed issue of fact as to whether there has been a material breach of the lease. Summary judgment is therefore inappropriate.

## CONCLUSION

For the foregoing reasons, the Court GRANTS National City's motion for reconsideration (Doc. #64). Upon review, the Court adheres its previous ruling (Doc. #62).

Dated at Bridgeport, Connecticut, this 11th day of May, 2009.

/s/
Warren W. Eginton
Senior United States District Judge